# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 24-7102

September Term, 2024

FILED ON: JULY 29, 2025

EDWARD W. LYLE,

APPELLANT

v.

DISTRICT OF COLUMBIA,

APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:24-cv-00128)

Before: HENDERSON, KATSAS and RAO, *Circuit Judges*.

## **J U D G M E N T**

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. The court has afforded the issues full consideration and determined they do not warrant a published opinion. *See* FED. R. APP. P. 36; D.C. CIR. R. 36(d). For the following reasons, it is

**ORDERED** and **ADJUDGED** that the order of the district court be **AFFIRMED**.

\* \* \*

Edward Lyle sued the District of Columbia, alleging that two inspections of his residence violated the Fourth, Fifth, and Fourteenth Amendments. The district court dismissed his complaint for failure to state a claim. Because Lyle lacks standing to seek declaratory or injunctive relief, and because his damages claims fail on the merits, we affirm.

### I.

Lyle shared his District of Columbia home with a tenant.[1] Under District law, an inspector is

---

[1] When reviewing a motion to dismiss for failure to state a claim, we "assume the truth of the plaintiff's well-pleaded factual allegations in the complaint and draw all reasonable inferences in [the] plaintiff's favor." *Nat'l Ass'n of Postal Supervisors v. USPS*, 26 F.4th 960, 970 (D.C. Cir. 2022) (cleaned up).

1

authorized to enter and search rental housing to ensure compliance with housing rules and construction codes. D.C. CODE § 42-3509.08(a). If the tenant does not consent to the search of premises under his exclusive control, an inspector may obtain an administrative search warrant if he makes the required showing. *Id.* § 42-3509.08(a)(1), (c), (d); *see also* D.C. Mun. Regs. tit. 12-G, § 104.2–4.

In early 2023, Lyle's tenant filed a complaint with the Department of Buildings, claiming their shared residence suffered from inadequate heating and other poor conditions. The Department issued an inspection notice to Lyle. On the day of the scheduled inspection, however, the inspector never arrived. Unbeknownst to Lyle, the inspector and Lyle's tenant then coordinated a new inspection time. When the inspector arrived, the tenant walked him through parts of the residence while Lyle was in his basement office, unaware of the inspector's visit. The inspector determined that an area of the home fell below the minimum temperature required by District regulations and issued a notice of infraction. Lyle was subsequently assessed a $4,716 fine for the violation by the Office of Administrative Hearings.

Later that year, following another complaint from the same tenant, Lyle received a second inspection notice. Once again, the inspector arrived on a date different from the one communicated to Lyle and conducted a search without Lyle's knowledge.

After these events, Lyle filed a pro se complaint against the District of Columbia in D.C. Superior Court. Lyle alleged the inspections of his home were unlawful because (1) the District's inspection provisions facially violate the Fourth Amendment; and (2) Lyle was not afforded due process required by the Fifth and Fourteenth Amendments. The District removed the case to federal court and moved to dismiss the complaint for failure to state a claim. The district court granted the motion, holding that Lyle failed to allege a constitutional violation. Lyle timely appealed. We review the district court's order de novo. *Nat'l Ass'n of Postal Supervisors v. USPS*, 26 F.4th 960, 969–70 (D.C. Cir. 2022).

II.

Lyle first contends the district court erred in dismissing his Fourth Amendment challenge. According to Lyle, the D.C. Code and municipal regulation facially violate the Fourth Amendment by authorizing warrantless inspections of rental units without adequate protections for their owners, such as notice and the opportunity to accompany the inspector. As a consequence, Lyle contends the inspections of his home were unlawful. Lyle requests three forms of relief: (1) a declaration that the District's inspection provisions facially violate the Fourth Amendment and have no force or effect; (2) an injunction barring the District from conducting future inspections pursuant to these provisions; and (3) a refund of the fine collected as a result of Lyle's first failed inspection.

Before considering the merits of Lyle's claim, we must first determine whether we have jurisdiction to reach it. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009) ("[T]he court has an independent obligation to assure that standing exists, regardless of whether it is challenged by any of the parties."). To establish Article III standing sufficient to overcome a motion to dismiss, a plaintiff must plausibly allege he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a

favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). A plaintiff must establish standing for each form of relief he seeks. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021). When a plaintiff seeks injunctive or declaratory relief, he must allege "he is suffering an ongoing injury or faces an immediate threat of injury"—"past injuries alone are insufficient to establish standing." *Dearth v. Holder*, 641 F.3d 499, 501 (D.C. Cir. 2011).

We conclude Lyle lacks standing for two of his three requested forms of relief. Lyle has established standing to seek monetary damages because he alleges a concrete past injury—monetary loss—that was caused by the District and would be redressed by a decision ordering the District to grant a refund. But as to his claims for injunctive and declaratory relief, Lyle has failed to plausibly allege an ongoing injury or a future injury that is "likely to occur soon." *FDA v. All. for Hippocratic Med.*, 144 S. Ct. 1540, 1556 (2024). The complaint does not allege that the tenant still resides in his home or that Lyle is renting out or will rent out his home to another tenant in the future. Nor does the complaint allege that Lyle will be subject to a future inspection under the inspection provisions. Because Lyle has not pled facts to establish an ongoing or imminent future injury, he lacks standing to request injunctive and declaratory relief.

On the merits, we reject Lyle's claim that the District's inspection provisions facially violate the Fourth Amendment. To demonstrate a law is facially invalid, a plaintiff must "establish[] that no set of circumstances exists under which the [law] would be valid" or "show[] that the law lacks a plainly legitimate sweep." *Moody v. NetChoice, LLC*, 144 S. Ct. 2383, 2397 (2024) (cleaned up). Although Lyle argues the inspection provisions lack adequate protections for warrantless searches of rental units, he does not seriously dispute that there are lawful applications of these provisions. For example, the District notes that if a tenant refused to allow the search of a residence he exclusively occupied, an inspector could obtain an administrative search warrant from a judge—based on evidence of health and safety violations—and search the residence. *See* D.C. CODE § 42-3509.08(a)(1), (c), (d); D.C. Mun. Regs. tit. 12G, § 104.3. Application of the inspection provisions to these circumstances would comply with the Fourth Amendment's requirements. *See Camara v. Mun. Ct. of City & Cnty. of San Francisco*, 387 U.S. 523, 528–29 (1967) ("[A] search of private property without proper consent is 'unreasonable' unless it has been authorized by a valid search warrant."). Indeed, Lyle does not meaningfully contest the constitutionality of such a search. Because we can readily identify a "hypothetical scenario" for which the inspection provisions are lawful, Lyle's facial challenge fails. *Chem. Waste Mgmt., Inc. v. EPA*, 56 F.3d 1434, 1437 (D.C. Cir. 1995).

## III.

Lyle also argues the inspections of his home violated due process because he was not given adequate notice of the inspections and therefore was unable to accompany the inspector and verify the accuracy of his findings. The lack of these safeguards, Lyle contends, deprived him of the opportunity to present a meaningful defense at any subsequent enforcement hearing. He again requests three forms of relief: (1) a declaration that the two inspections violated his due process rights and have no force or effect; (2) an injunction barring the District from conducting future inspections of residential properties without giving their owners notice and an opportunity to be present during the inspection; and (3) a refund of the fine collected as a result of Lyle's first failed inspection.

As with his Fourth Amendment claim, Lyle has standing to seek only monetary damages because he does not allege that inspections of his residence are ongoing or likely to recur. On the merits, Lyle's Fifth Amendment due process challenge fails.[2] Lyle does not contest that he received adequate notice and an opportunity to be heard before incurring the fine. *See Mathews v. Eldridge*, 424 U.S. 319, 348 (1976). While Lyle insists he was entitled to additional protections—namely, the opportunity to observe and contest the collection of evidence—he cites no authority to support this expansive and unprecedented view of the Fifth Amendment. Because the Fifth Amendment does not require more than the process Lyle received, Lyle has failed to state a due process claim.

\* \* \*

For the foregoing reasons, we affirm the district court's order. Pursuant to D.C. Circuit Rule 36(d), this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk

---

[2] The complaint also asserts violations of the Fourteenth Amendment, but "only the Fifth Amendment applies to the District of Columbia." *English v. District of Columbia*, 717 F.3d 968, 972 (D.C. Cir. 2013).